UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ESTHER CHENAULT**<br>2003 Hudson Ave. #1<br>Cincinnati, Ohio 45212 | : | Case No. |
| | : | |
| | : | Judge |
| **On behalf of herself and<br>those similarly situated,** | : | |
| | : | |
| v. | : | |
| | : | |
| **HARTWIG TRANSIT, INC.**<br>PO Box 11548<br>2255 Memorial Blvd. 11548<br>Murfreesboro, TN 37129 | : | |
| | : | |
| and | : | |
| | : | |
| **MCCORMICK TRUCKING, INC.**<br>4403 W. Jefferson Pike<br>Murfreesboro, TN 37129 | : | |
| | : | |
| **Defendants.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

### I.  PRELIMINARY STATEMENT

1. Plaintiff Esther Chenault, on behalf of herself and similarly situated individuals, brings this action against Defendants Hartwig Transit, Inc. and McCormick Trucking, Inc. ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly situated individuals with overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendants jointly operate a trucking business and, in the course of operating that business, employ dispatchers.

3. Plaintiff seeks to represent all of Defendants' hourly employees currently working or who have worked for Hartwig Transit, Inc. and/or McCormick Trucking, Inc. who fall into one or both of the following categories:

    a. all hourly employees (other than drivers, driver's helpers, loaders, or mechanics whose duties affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce) who have worked more than 40 hours in a week and have not received payment at a rate of one and a half times their regular rate for hours worked in excess of 40 hours in a week.

    b. all hourly employees (other than drivers, driver's helpers, loaders, or mechanics whose duties affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce) who have worked more than 40 hours in a week, have had a lunch period automatically deducted from their hours worked when they did not take a lunch period, and have not received payment at a rate of one and a half times their regular rate for all hours worked in excess of 40 hours in a week, including those hours improperly deducted.

4. Defendants repeatedly and willfully violated the Fair Labor Standards Act by paying dispatchers and other hourly, nonexempt employees at their regular hourly rate for hours worked in excess of forty in a week and by automatically deducting a lunch break even when they were not able or not permitted to take a lunch break.

5. All hourly employees (other than drivers, driver's helpers, loaders, or mechanics whose duties affect the safety of operation of motor vehicles in transportation on public

highways in interstate or foreign commerce) employees of Hartwig Transit, Inc. and McCormick Trucking, Inc. have been subject to the same illegal payment scheme.

## II. JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred the FLSA.

7. Venue with this Court is appropriate because all or part of the claim for relief arose in the Middle District of Tennessee and Defendants' principal place of business is located in the Middle District of Tennessee.

## III. PARTIES

### A. Esther Chenault

8. Plaintiff Esther Chenault is a resident of Ohio and, at all times relevant, worked for Defendant Hartwig Transit in Ohio. She left her employment on April 14, 2022.

9. Plaintiff is an "employee" of all of the Defendants as defined in the FLSA.

10. Plaintiff has given written consent to join this action.

### B. Defendants

11. Defendants jointly operate Hartwig Transit and McCormick Trucking operations.

12. Formally and/or as a matter of practice, each of the Defendants jointly determine, share, or allocate the power to direct, control, or supervise the hourly employees at Hartwig Transit and McCormick Trucking.

13. Formally and/or as a matter of practice, each of the Defendants jointly determine, share, or allocate the power to, directly or indirectly, hire or fire an employee or modify the terms or conditions of the employee's employment.

14. Formally and/or as a matter of practice, each of the Defendants jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such

3

Case 3:22-cv-00637   Document 1   Filed 08/17/22   Page 3 of 13 PageID #: 3

as handling payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete work.

### 1. Hartwig Transit, Inc.

15. Defendant Hartwig Transit, Inc. ("Hartwig") is an Illinois corporation with its principal place of business in Murfreesboro, Tennessee.

16. Hartwig is owned and operated by Defendant McCormick Trucking, Inc.

17. Hartwig has substantial control over Plaintiff and similarly situated employees' work conditions, and over the unlawful policies and practices alleged herein.

18. Hartwig has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

19. At all relevant times, Hartwig maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, pay rates, deductions, and other practices.

20. Hartwig is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

21. At all relevant times, Hartwig has been and continues to be an enterprise engaged in "commerce" as defined by the FLSA.

22. Hartwig's gross revenue exceeds $500,000 per year.

### 2. McCormick Trucking, Inc.

23. Defendant McCormick Trucking, Inc. ("McCormick") is a Tennessee corporation with its principal place of business in Murfreesboro, Tennessee.

24. McCormick owns and directs the operation of Hartwig, and it exercises substantial control over the employees of McCormick, Hartwig, and other subsidiaries of McCormick.

25. McCormick has substantial control over Plaintiff and similarly situated employees' work conditions, and over the unlawful policies and practices alleged herein.

26. McCormick has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees of McCormick, Hartwig, and other subsidiaries of McCormick.

27. At all relevant times, McCormick maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, pay rates, deductions, and other practices.

28. McCormick is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Ohio law.

29. At all relevant times, McCormick has been and continues to be an enterprise engaged in "commerce" as defined by the FLSA.

30. McCormick's gross revenue exceeds $500,000 per year.

## V. STATEMENT OF THE CASE

### Class-wide Factual Allegations

31. During all relevant times, Defendants have employed dispatchers.

32. The primary function of the dispatchers is to monitor the progress of trucks and maintain communication with them on behalf of Defendants.

33. Defendants pay the dispatchers on an hourly basis.

34. Plaintiff, and the similarly situated persons Plaintiff seeks to represent, are the hourly employees working for Defendants in the three years preceding the filing of this complaint.

35. Hourly employees working for Defendants include but are not limited to dispatchers. These employees are non-exempt.

36. During the entire course of her employment, Plaintiff and the similarly situated persons Plaintiff seeks to represent were paid at or above minimum wage.

37. During the entire course of her employment, Plaintiff, and the similarly situated persons Plaintiff seeks to represent, worked in excess of 40 hours in at least week during the relevant period.

38. During the entire course of her employment, Defendants paid Plaintiff, and the similarly situated persons Plaintiff seeks to represent, at their regularly hourly rate for all hours worked, including hours worked in excess of forty hours in a week.

39. During a portion of her employment, Defendants automatically deducted 30 minutes per day from the pay of Plaintiff, and the similarly situated persons Plaintiff seeks to represent, ostensibly for a lunch break. However, due to workload and the Defendants' expectations, Plaintiff was rarely able to actually take a bona fide break period.

40. When Defendants automatically deduct 30 minutes per day from Plaintiff, and the similarly situated persons Plaintiff seeks to represent, Defendants are denying them overtime pay at one and a half times the regular hourly rate during weeks in which the recorded hours, plus the improperly deducted lunch break hours, exceed 40 hours.

**Plaintiff's Individual Factual Allegations**

41. Plaintiff worked at Hartwig as a dispatcher from January 2020 through November 2020, and again from November 8, 2021 to April 14, 2022.

42. Defendants paid Plaintiff on a bi-weekly basis.

43. Plaintiff received paychecks from "Hartwig Transit Inc." Hartwig processed Plaintiff's paycheck and delivered Plaintiff's paycheck from its Murfreesboro, Tennessee location. Hartwig listed its address on Plaintiff's paychecks as: P.O. Box 11548, 2255 Memorial Blvd. 11548, Murfreesboro, TN 37129.

44. Upon information and belief, Defendants paid all similarly situated employees from Murfreesboro, Tennessee.

45. Most recently, Defendants paid Plaintiff $18.00 per hour, including for hours worked in excess of 40 hours in a week.

46. By way of example, during the pay period starting January 29, 2022 and ending February 11, 2022, Plaintiff worked 91.8 hours. Defendants paid Plaintiff $1,652.40, which is the product of multiplying Plaintiff's actual hours worked by her regular rate of $18.00 per hour. During that two-week period, Plaintiff worked at least 11.8 hours of overtime and was entitled to at least an additional $106.20 in overtime pay.

47. Defendants have also automatically deducted 30 minutes of time from Plaintiff's hours worked each day to account for a lunch break. In practice, however, Plaintiff was not able to take a bona fide break of 30 minutes because of the workload and Defendants' expectations that she continuously monitor her communications system.

48. Plaintiff has raised questions about the propriety of her pay with Christy Graves, a payroll specialist at McCormick, who handles payroll for Hartwig employees. Despite Plaintiff's protestations, Defendants have continued to illegally pay Plaintiff and similarly situated individuals.

49. Ms. Graves informed Plaintiff that the payroll practices were uniform across the operations of McCormick and its subsidiaries.

**Collective Action Allegations (Straight Time Collective)**

50. Plaintiff brings the First Count on behalf of herself and all similarly situated current and former hourly employees employed at all Hartwig and McCormick locations owned, operated, and controlled by Defendants, between three years prior to the filing of this Complaint and the date of final judgment in this matter, who elect to opt-in to this

action and who were paid their regular rate instead of one and a half times the regular rate for hours worked over 40 in any week (the "Straight Time FLSA Collective").

51. At all relevant times, Plaintiff and the Straight Time FLSA Collective have been similarly situated, have had substantially similar requirements and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the Straight Time FLSA Collective overtime at one and a half times their regular rates. Plaintiff's claims are essentially the same as those of the Straight Time FLSA Collective.

52. Defendants' unlawful conduct is pursuant to a corporate policy or practice.

53. Defendants are aware or should have been aware that federal law requires them to pay overtime at a rate one and a half times the employee's regular rate.

54. Defendants' unlawful conduct has been widespread, repeated, and consistent.

55. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

56. The Straight Time FLSA Collective members are readily identifiable and ascertainable.

57. In recognition of the services Plaintiff has rendered and will continue to render to the Hourly Employee FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

**Collective Action Allegations (Lunch Break Collective)**

58. Plaintiff brings the Second Count on behalf of herself and all similarly situated current and former hourly employees employed at all Hartwig and McCormick locations owned, operated, and controlled by Defendants, between three years prior to the filing of this Complaint and the date of final judgment in this matter, who elect to opt-in to this

action and who had lunch breaks automatically deducted from their time records despite not taking a lunch break in weeks during which they worked in excess of 40 hours (including the deducted hours). (the "Lunch Break FLSA Collective").

59. At all relevant times, Plaintiff and the Lunch Break FLSA Collective have been similarly situated, have had substantially similar requirements and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully deducting 30 minutes each day from employees' time despite knowledge that they are unable or not permitted to take a break. Plaintiff's claims are essentially the same as those of the Lunch Break FLSA Collective.

60. Defendants' unlawful conduct is pursuant to a corporate policy or practice.

61. Defendants are aware or should have been aware that federal law prohibited them from requiring employees who are paid minimum wage minus a tip credit to share tips with employees who do not regularly and customarily receive tips.

62. Defendants' unlawful conduct has been widespread, repeated, and consistent.

63. The Second Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

64. The Lunch Break FLSA Collective members are readily identifiable and ascertainable.

65. In recognition of the services Plaintiff has rendered and will continue to render to the Lunch Break FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

**Causes of Action**

**Count 1**
**Failure To Pay Overtime Wages – Fair Labor Standards Act**
**(On Behalf of Plaintiff and the Straight Time FLSA Collective)**

66. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

67. Plaintiff and the Straight Time FLSA Collective are or were non-exempt, hourly employees entitled to receive overtime compensation.

68. By the acts described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the Straight Time FLSA Collective by failing to pay them at a rate of one and a half times their hourly rate for hours worked in excess of 40 hours in a week.

69. Plaintiff and the Straight Time FLSA Collective have been damaged by Defendants' willful failure to pay them at a rate of one and a half times their hourly rate for hours worked in excess of 40 hours in a week.

70. As a result of Defendants' willful violations, Plaintiff and the Straight Time FLSA Collective are entitled to damages, including but not limited to unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Failure to Pay Overtime Wages – Fair Labor Standards Act**
**(On Behalf of Plaintiff and the Lunch Break FLSA Collective)**

71. Plaintiff restates and reincorporates the foregoing allegations as if fully rewritten herein.

72. Plaintiff and the Lunch Break FLSA Collective are or were non-exempt, hourly employees entitled to receive one and half times their regular rate for all hours worked in excess of 40 hours in a week.

73. Defendants automatically deducted 30 minutes from each employee's time record each day to account for a scheduled lunch break, without regard to whether the employee took the lunch break.

74. Due to the press of business and/or a prohibition by Defendants, Plaintiff and the Lunch Break FLSA Collective were, in most circumstances, unable to actually take their assigned lunch break.

75. Even when Plaintiff and the Lunch Break FLSA Collective did not take their assigned lunch break, Defendants deducted 30 minutes from their time record. As a result, Defendants did not pay Plaintiff and the Lunch Break FLSA Collective for all hours worked.

76. On weeks in which Plaintiff and the Lunch Break FLSA Collective worked in excess of 40 hours, or would have worked in excess of 40 hours had they been credited for the 30 minutes they actually worked, they were denied legally-required overtime pay.

77. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the Lunch Break FLSA Collective.

78. Plaintiff and the Lunch Break FLSA Collective have been damaged by Defendants' willful failure to pay overtime wages as required by law.

79. As a result of Defendants' willful violations, Plaintiff and the Lunch Break FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, wrongfully distributed tips, liquidated damages, costs, and attorneys' fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Esther Chenault prays for all of the following relief on behalf of herself and all others similarly situated:

1. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

2. Payment of unpaid overtime wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

3. An award of prejudgment and post-judgment interest.

4. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

5. Such other and equitable relief as the Court deems appropriate.

Respectfully submitted,

 s/ Jesse D. Nelson
JESSE D. NELSON (BPR # 025602)
CLINT J. COLEMAN (BPR # 038413)
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@nlgattorneys.com
clint@NLGattorneys.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial to resolve all issues of fact related to this Complaint.

/s/ Jesse D. Nelson  
Jesse D. Nelson